# United States District Court
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| ROSINE INES UMUHOZA | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:26-CV-2079-S-BT |
| | § | |
| WARDEN, PRAIRIELAND | § | |
| DETENTION CENTER | § | |

## ORDER

This Order addresses Petitioner's Emergency Motion for Temporary Restraining Order and Stay of Removal ("Motion") [ECF No. 4]. Having reviewed the Motion and the applicable law, the Court **DENIES** the Motion.

A party seeking injunctive relief "must establish [1] that [s]he is likely to succeed on the merits, [2] that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in [her] favor, and [4] that an injunction is in the public interest." *Direct Biologics, L.L.C. v. McQueen*, 63 F.4th 1015, 1020 (5th Cir. 2023) (alterations in original) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

"A TRO is 'simply a highly accelerated and temporary form of preliminary injunctive relief,' which requires that the party seeking such relief establish the same four elements for obtaining a preliminary injunction." *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 644-45 (N.D. Tex. 2021) (citation omitted). And "a preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Planned Parenthood Ass'n of Hidalgo Cnty. Tex., Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012) (alteration in original) (citation omitted).

Based on the materials before the Court, the Court finds that Petitioner has failed to "clearly carr[y] the burden of persuasion" on at least one of the elements Petitioner must establish for each

claim on which Petitioner moved for injunctive relief. *Id.* Petitioner does not address the first element and thus has not shown a likelihood of success on the merits of her claims. As to the second element, Petitioner has not demonstrated "that irreparable injury is *likely* in the absence of an injunction." *Anibowei v. Morgan*, 70 F.4th 898, 902 (5th Cir. 2023) (quoting *Winter*, 555 U.S. at 22). Although Petitioner claims that "[r]emoval would occur before the immigration tribunal" considers her pending requests to reopen and stay removal, Mot. 2, she has pointed to no evidence that her removal is imminent. Thus, Petitioner has not clearly carried the burden of persuasion on at least two required elements.

Additionally, it is not clear to the Court how Petitioner's Motion relates to her underlying habeas petition. "Injunctive relief is a remedy [that] must be tied to an underlying substantive claim." *Sedgwick Claims Mgmt. Servs., Inc. v. Dodd*, No. 24-2942, 2025 WL 2799032, at *10 (E.D. La. Oct. 1, 2025). For this additional reason, Petitioner has not demonstrated that she is entitled to a temporary restraining order.

Accordingly, the Court **DENIES** Petitioner's Emergency Motion for Temporary Restraining Order and Stay of Removal [ECF No. 4].

**SO ORDERED.**

SIGNED August 14, 2026

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**

2